IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ,               )<br>                             )<br>          Petitioner,         )<br>                             )<br>     v.                      )<br>                             )<br>WARDEN S. FRAVENHEIM,        )<br>                             )<br>          Respondent.        )<br>_____) | No. C 14-3026 RMW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition. Petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and DENIES the petition.

**BACKGROUND**

Petitioner was charged and convicted by a jury of two counts of rape and two counts of simple kidnapping. The trial court sentenced petitioner to a total term of 30 years to life in state prison, and stayed a separate term of 16 years for the simple kidnapping convictions. On appeal, the California Court of Appeal reversed one kidnapping conviction, and otherwise affirmed the

judgment. The California Supreme Court denied a petition for review. Petitioner filed the instant federal habeas petition on July 2, 2014.

At trial, the prosecution presented evidence that the victim, Maria Doe, and petitioner dated for a few years before Doe decided to end the relationship. (Resp. Ex. C3 ("Op.") at 2.) Sometime thereafter, Doe was at a party in Redwood City, and petitioner was also in attendance. (Id.) Petitioner physically forced Doe into a truck, and petitioner instructed the driver, Daniel Moreno, to "take off fast." (Id.) They drove to a secluded location near Pleasanton, and petitioner and Doe argued. (Id.) Petitioner also hit Doe and pulled her hair. (Id.) When the truck finally stopped, it was around 10:00 p.m. (Id.) Petitioner and Doe got out of the truck and petitioner told Moreno to leave. (Id.) Petitioner dragged Doe from the roadside and raped her. (Id.) Petitioner called Moreno to return to pick them up. (Id.) Moreno drove them to his house in Palo Alto. (Id.) While Doe was crying in the back seat, Moreno and petitioner laughed and turned up the volume on the music. (Id.) Petitioner told Moreno that Doe was paying for what she did to him. (Id.) After Moreno went home, petitioner told Doe he would take her back home. (Id.) Instead, petitioner raped Doe again. (Id.) The truck eventually ran out of gas and Doe asked petitioner to call an ambulance because she felt unwell. (Id. at 2-3.) When emergency personnel arrived, Doe told them what happened. (Id. at 3.)

Petitioner testified at trial that Doe voluntarily accompanied him in the truck and they engaged in consensual sex. (Id.)

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340.

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir. 2000). Here, that decision is the California Court of Appeal.

B.   Petitioner's Claims

As grounds for federal habeas relief petitioner claims that: (1) the trial court violated petitioner's rights by limiting defense counsel's argument to the jury, and (2) there was insufficient evidence to support one of the two convictions of simple kidnapping.

1    As an initial matter, respondent points out that petitioner's challenge to the sufficiency of
2 the evidence regarding one of the counts of simple kidnapping was raised on direct appeal to the
3 California Court of Appeal. As a result, the California Court of Appeal reversed that conviction
4 and thus, petitioner's current challenge is moot. Petitioner does not dispute that his sufficiency
5 of the evidence claim is moot. Accordingly, the court DENIES the sufficiency of the evidence
6 as moot and addresses the remaining claim on the merits.

7    Petitioner argues that the trial court impermissibly cut short defense counsel's closing
8 argument, thereby depriving petitioner the opportunity to be heard through counsel and present
9 his defense. Specifically, defense counsel was presenting to the jury a story about an unrelated
10 news event in Florida that involved a false accusation.

11    The California Court of Appeal summarized these events from trial as follows:

12> During closing argument, defense counsel attacked Doe's credibility by arguing her testimony was not believable; she was testifying against appellant out of jealousy and a desire for revenge over his relationship with his ex-wife; she was testifying to obtain a U visa [FN7]; and she was not credible because of a prior theft conviction. Defense counsel highlighted testimony by a peace officer testifying for the prosecution, who "to some degree . . . agreed that many times victims themselves will make false reports of a crime."
>
> FN7. The parties stipulated that a U visa is a temporary visa, granted to allow victims of certain crimes to remain in the United States while their court cases are pending, which may be converted to legal permanent residency after three years.
>
> Defense counsel then turned to the following: "In fact, just a few weeks ago, about three weeks ago, in Tamarac, Florida, the father of a three-year-old went to his mother-in-law's home for child visitation. She shot him, but she called 911 to say that he shot her, and I don't know how many of you saw this in the news or heard about it[.]" At that point, the prosecutor asked to approach the bench and a sidebar was held. Although the sidebar was not reported, the prosecutor later put on the record her concern with "the recitation of a specific case that was out of Florida that was in the papers. It's not within the general knowledge of the public," and the trial court stated it had "agree[d] that it was not permissible, and told [defense counsel] to move on."
>
> After this sidebar, defense counsel continued his closing statement: "A certain percentage of rape complaints are classified as unfounded by the police and excluded from FBI statistics. [¶] In 1995, eight percent of all forcible rape cases were closed as unfounded as were fifteen percent in 1996 according to FBI reports. [¶] According to the FBI a report should only be considered unfounded when investigations reveal that the elements of the crime are not met or that the report was false. [¶] People do falsely report crimes."

28 (Op. at 4.)

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC.14\Ramirez026denhc.wpd      4

The California Court of Appeal, relying on state law, rejected petitioner's claim. (Op. at 5-6.) The court noted that petitioner's complaint in fact was that defense counsel was not permitted to finish his point about the significance of the Florida case to petitioner's case. (Id. at 5.) However, the state appellate court noted that the trial court did not strike defense counsel's statements, and defense counsel was permitted to make the argument that he intended, which was that people sometimes falsely report crimes. (Id.) Ultimately, the state appellate court concluded that the trial court has the discretion to allow attorneys to present information during closing statements that ku not in evidence to a certain degree, but the court has to be mindful that such information does not confuse the jury and contain irrelevant facts or unrelated specific crimes. (Id.)

"[C]losing argument for the defense is a basic element of the adversary factfinding process in a criminal trial." Herring v. New York, 422 U.S. 853, 858 (1975).  The preclusion of closing argument in a criminal defense trial violates the defendant's constitutional rights to counsel and to present a defense, and constitutes structural constitutional error. Id. at 858, 862-63, 864-65. But Herring held that the complete denial of summation amounts to structural error; it did not hold that a restriction on counsel's closing argument constitutes structural error. Glebe v. Frost, 135 S. Ct. 429, 430-31 (2014) (per curiam) (reversing 9th Circuit because no clearly established federal law held that structural error exists where petitioner had two legitimate defenses to criminal charges, but the state trial court only permitted his counsel to argue one theory in closing) (emphasis added).

Here, although petitioner cites to Herring as the "clearly established Supreme Court law," Herring does not address the question of whether a trial court's restriction, as opposed to a complete denial, of defense counsel's closing argument is structural or constitutional error. In addition, this court cannot find any clearly established Supreme Court law which addresses the question. Thus, the state court's decision rejecting petitioner's argument cannot be contrary to, or an unreasonable application of, clearly established federal law, see Carey v. Musladin, 549 U.S. 70, 77 (2006), and petitioner is not entitled to habeas relief.

Alternatively, even assuming that the restriction of counsel's closing argument was

1  constitutional error, petitioner cannot demonstrate that such an error had a substantial or
2  injurious effect on the verdict.  Penry v. Johnson, 532 U.S. 782, 795-96 (2001) (quoting Brecht
3  v. Abrahamson, 507 U.S. 619, 638 (1993)).  As the state appellate court noted, although the trial
4  court prohibited defense counsel to go into detail about the unrelated Florida case, the trial court
5  did allow defense counsel to make his point that sometimes people falsely report crimes.
6  Defense counsel was able to give statistics about the number of falsely reported rapes cases
7  according to the FBI, and highlighted a police officer's testimony who stated that sometimes,
8  victims make false reports of a crime.  Based on the fact that defense counsel was able to present
9  this theory to the jury, any error in restricting counsel from discussing the unrelated Florida case
10 further could not have had a substantial or injurious effect on the verdict.

    Accordingly, petitioner is not entitled to habeas relief.

**CONCLUSION**

    The petition for a writ of habeas corpus is DENIED.

    The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

    The clerk shall terminate all pending motions, enter judgment, and close the file.

    IT IS SO ORDERED.

DATED:  Î ECEBÍ  

_____
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE RAMIREZ,

        Plaintiff,

  v.

S FRAVENHEIM et al,

        Defendant.

Case Number: CV14-03026 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Ramirez AK-9279
Pleasent Valley State Prison
PO Box 8500
Coalinga, CA 93210

Dated: June 2, 2015

                                Richard W. Wieking, Clerk
                                By: Jackie Lynn Garcia, Deputy Clerk